**JING XIA CHEN, also known as Jin Xia Chen, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3449–ag.**

United States Court of Appeals, Second Circuit.

April 4, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Gary J. Yerman, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Anh–Thu P. Mai, Senior Litigation Counsel; W.

Manning Evans, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jing Xia Chen, a native and citizen of the People's Republic of China, seeks review of a July 24, 2007 order of the BIA denying her motion to reopen deportation proceedings. *In re Jing Xia Chen a.k.a. Jin Xia Chen,* No. A 77 957 807 (B.I.A. July 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA accurately noted that it had dismissed Chen's appeal from an IJ's decision in January 2004, and that Chen did not file her motion to reopen until December 2006. Because Chen filed her motion well beyond the 90 day filing deadline, the BIA properly found that it was untimely. 8 C.F.R § 1003.2(c)(2).

In addition, the BIA properly found that Chen failed to establish that she qualified for an exception to the time limitation for motions to reopen. To the ex-

tent that Chen argues that the family planning policy will now apply to her in a manner in which it did not apply before she gave birth to two children in the United States, and that such a difference amounts to a change in country conditions, this argument is unavailing. Merely reframing her change in personal circumstances as a change in country conditions in China does not bring Chen's motion within the exceptions for the time limitations for motions to reopen.[2] *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005).

■ Further, the BIA appropriately found that the country conditions evidence proffered by Chen did not demonstrate changed circumstances sufficient to warrant reopening her proceedings.[3] Chen submitted in support of her motion, *inter alia*, a statement from the Administrative Office of the National Population and Family Planning Committee concerning the Population and Family Planning Regulations of Fujian Province, dated March 2006, indicating that a Chinese national by the name of "Zheng, Yu Ye," who had children born abroad could be subjected to the family planning laws, and that those births could be considered "illegal." Chen also submitted a propaganda document from Chang Le City, Fujian Province, which states, "One child, IUD insertion; two children; sterilization," as well as two affidavits from villagers in her hometown who assert that they were either forced or

"informed" to undergo sterilization after having two children. In light of those documents, the BIA properly found that "reports of some instances of coercion are no different from such reports at the time of the hearing below." For instance, the 2001 State Department Country Report on Human Rights Practices for China, which the IJ accepted into evidence below, states that while central government policy formally prohibited the use of force to compel persons to submit to abortion or sterilization, intense pressure to meet family planning targets had nevertheless resulted in instances of forced abortion and sterilization. Thus, the BIA appropriately determined that the evidence submitted by Chen "generally confirm[ed] a continuation of problems that previously existed."

Moreover, the record in the instant case, which includes testimony from John Aird and excerpts from the 2004 State Department Country Report, does not suggest that remand is warranted because Chen does not present evidence that the birth of her children in the United States violated the family planning policy in her area of residence, or that the implementation of sanctions resulting from any possible violation would rise to the level of persecution. *See Matter of J–H–S–*, 24 I. & N. Dec. 196, 201 (BIA 2007) (finding that an alien with two children who were born in China may qualify as a refugee if the evidence presented establishes: (1) that the births violated the family planning policy in that

---

**2.** Because Chen fails to raise in her brief to this Court any argument that she is entitled to file a successive asylum application, that due process requires that she have a new hearing based on her "new" asylum claim, or that it is "just and proper" to reopen her proceedings *sua sponte*, any such claims are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

**3.** In contrast to this Court's decision in *Shou Yung Guo v. Gonzales*, there is no indication that the BIA failed to consider the documents

Chen submitted in support of her motion to reopen. 463 F.3d 109, 115 (2d Cir.2006). Indeed, the BIA was not required to address specifically each of Chen's documents when the record does not "compellingly suggest" that it did not "take into account all of the evidence before [it]." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337, n. 17 (2d Cir.2006). *But see Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 88 (2d Cir.2007) (remanding where the BIA's decision did not indicate that it paid any attention to documents "quite similar" to the *Shou Yung Guo* documents).

alien's locally defined area; and (2) that local family planning enforcement efforts would give rise to a well-founded fear of persecution because of the violation); *see also Wei Guang Wang v. BIA*, 437 F.3d 270 (2d Cir.2006) (deeming insufficient to establish changed country conditions the 2004 State Department Country Report on Human Rights Practices for China and the Aird affidavit); *Matter of J–W–S–*, 24 I. & N. Dec. 185, 192 (BIA 2007) (calling into question whether children born abroad are counted in terms of China's family planning policy); *Matter of C–C–*, 23 I. & N. Dec. 899, 901 (BIA 2006). Specifically, while Chen submitted, in support of her motion, the affidavits of two villagers from her hometown who claim to have been sterilized after the birth of their second child, only one of the villagers asserted that her sterilization was "forced." Furthermore, neither affidavit addresses circumstances in which a Chinese national gave birth to children in the United States.

Likewise, the statement from the Administrative Office of the National Population and Family Planning Committee and the propaganda document fail to establish that any such violation on Chen's part would result in forced sterilization. As such, the BIA properly found that Chen failed to demonstrate a change in country conditions in China sufficient to except her from the time limitation for the filing of motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA's denial of Chen's motion was not an abuse of discretion. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).